# SUPREME COURT.

## SARAH WEATHERBY agt. FOSTER P. WOOD.

*Law and equity* being now administered by the same tribunal, there should be no further turning a party out of court, and to some other forum, who shows a good cause of action.

Where the court acquires jurisdiction as a court of equity of a cause of action to stay *future waste,* it has an incidental power in the same action to decree an account *for the waste committed.*

*Monroe Special Term, March,* 1865.

MOTION to dissolve injunction. The action was an equitable one to stay waste, and for an account of the waste committed. The defendant was in possession as tenant, from year to year, of a lot of 200 or 300 acres of land, part of which was covered with valuable pine timber. The defendant's lessor had a life estate in the land, and the plaintiff the reversionary interest therein, after the termination of the life estate. Part of the lot was cleared and cultivated, but the greater portion of it was wild land. The defendant had cut down most of the timber upon, and was proceeding to cut more of the pine timber covering about fifty acres of the land which was in the rear end of the lot, leaving the remaining timber land in said lot intermediate between the cleared land and such cutting. The pine timber upon the lot being in the rear end of the said lot, and quite a distance from the cleared land in said lot.

The plaintiff had commenced this action to stay waste, &c., and had obtained an injunction restraining the defendant from cutting any more of said timber, and also from removing the timber already cut. The defendant moved to dissolve said injunction upon an answer and upon affidavits, and the plaintiff opposed such motion also upon affidavits, and the complaint.

J. W. DININNY, *for motion.*
D. RUMSEY, *for plaintiff.*

E. DARWIN SMITH, J. I have no doubt that the cutting of the timber in question was waste. It was not cut in the ordinary course of husbandry, for the purpose exclusively of clearing the land for cultivation, or for firewood, but was cut to be sawed into lumber for sale in the market. So far as the injunction stayed the further cutting of the timber, it was properly granted, and should clearly be retained. I have had some doubt in respect to the timber

previously cut, and now remaining upon the premises.   In
*Watson* agt. *Hunter* (5 *Johns. Ch.* 169), in a case where the
waste consisted in cutting timber, as in this case, Chan-
cellor KENT refused an injunction in respect to the timber
cut, and retained it to prevent future waste, holding that
the party injured should be left to his action of trover or
trespass at law for the timber cut.   The cases cited in the
opinion from the English cases, were all in conflict with the
decision of the learned chancellor in that case.

   In the opinion of the chancellor, the case of *Jesus Col-
lege* agt. *Bloom* (3 *Atk.* 262), was cited, in which Lord
HARDWICKE held, that " when the bill was filed for an injunc-
tion to prevent waste, and for waste committed, the court
to prevent a double suit, would award an injunction to
prevent future waste, and decree an account and satis-
faction for what was past."   So in 3 *Atkins*, 311, it was
held that a party might come into equity to stay future
waste, and also to be entitled to an account for waste com-
mitted (*and see* 7 *Vesey, Jr.* 78); and in 2 *Pierre Wms.*, 240,
also cited, it was held that " the right to the timber cut
might be pursued in chancery as well as by trover at law ;"
and in *Garth* agt. *Colton* (1 *Vesey Sen.* 528).   The same
view in regard to sending the party aggrieved by the waste
to a court of law, was adopted by Chancellor WALWORTH,
in the case of *Livingston* agt. *Reynolds*, *reported in* 26 *Wend.*
115, *and same case* 2 *Hill*, 157.   But the chancellor's decision
was reversed in this case in the court for the correction of
errors, in which it was held that the injunction which he
dissolved ought to have been continued, and in the opinion
of the president of the court, it was said " an account and
satisfaction of the waste already committed, should have
been decreed, and the injunction should have been rendered
absolute and perpetual."   In 3 *Sandf. Ch. Rep.*, it was held
that " proof of a single instance of waste entitled the com-
plainant to a continuance of the injunction, and with the
latter to an accounting."

Weatherby agt. Wood.

I think such is now the proper course to be taken, particularly since the constitution of 1846 and the Code, have vested equity powers in the supreme court, and the law and equity are administered by the same tribunal. There is, or should be, no further turning a party out of court, and to some other forum, who shows a good cause of action. Relief is now given according to the right of action (*Ewen* agt *Pease,* 20 *N. Y.* 62). This court has acquired jurisdiction as a court of equity, of the cause of action to stay future waste, and has an incidental power in the same action to decree an account for the waste committed. If I were to dissolve this injunction in respect to the timber cut, it would be upon the principle repudiated by Lord ELDEN in 18 *Vesey,* 186, in which he said the practice now was, "not to put the plaintiff to come here for an injunction, and to go to law for damages." But if the plaintiff was driven to commence an action at law for the timber cut down before the commencement of the suit, it would be a matter of course to hold the defendant to bail for the amount of such timber, in an action of trespass or trover.

I have in view of this fact, come to the conclusion, as it is probably best for both parties that this timber be soon disposed of, to modify the injunction so far as relates to the timber cut, and retain it as to further cutting except for necessary firewood, upon the defendant's giving security by bond or undertaking in the sum of $2,000, with sureties to be approved by the county judge of Steuben, or a justice of this court, conditioned to account for such timber, if the court should ultimately so adjudge and order, and to abide by and perform such order and decree or judgment as shall be made by this court in respect thereto. If the defendant is responsible it will be no hardship to give such security, and if he is not, I think he ought not to be allowed to remove and dispose of the timber without such security.

The injunction will be so modified, with costs to abide the event.